UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Billy Ray Wiley,

                Plaintiff,

                                        Civ. No. 11-637 (RHK/JSM)
v.                                                 **ORDER**

City of Minneapolis, *et al.*,

                Defendants.

---

This action arises out of the execution of a search warrant at Plaintiff Billy Ray Wiley's residence on February 25, 2009. Following the search, Wiley was arrested for being a felon in possession of a firearm, but he was later acquitted of that charge. Proceeding *pro se*, he then commenced this action against the City of Minneapolis, Minneapolis police officers Todd Babekuhl and Steven Mosey, and Vicki Leonard, whose title is unidentified in the Complaint, alleging various deprivations of his civil rights. Leonard now moves to dismiss; Wiley has not responded to the Motion and did not appear at the hearing held on June 7, 2011. For the reasons set forth below, the Motion will be granted.

The gist of Wiley's bare-bones, handwritten Complaint, which the Court must liberally construe in light of his *pro se* status, e.g., Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004), is that he was arrested without probable cause and the arresting officers used excessive force while doing so. (See Compl. ¶¶ 5-6.) He also alleges that "money was

take[n] [from him] for no reason and never given back." (Id. ¶ 7.) He seeks $265,000 in damages as a result of this alleged misconduct.

The Complaint contains no specific allegations against Leonard (or either of the police officers). In her Motion, Leonard argues that she is simply a "paralegal in the Hennepin County Attorney's Office" who was named as a Defendant "because she performs certain functions in the . . . [o]ffice related to forfeitures." (Def. Mem. at 1.) To support that assertion, she points to a document that appears to be a letter from the County Attorney's Office to the Minneapolis Police Department regarding $435 seized from Wiley when he was arrested. The document is signed "Vicki Leonard – Forfeiture Unit, Hennepin County Attorney's Office." (Rogan Decl. Ex. 4.) Based on these facts, Leonard argues that she cannot be liable here. (Def. Mem. at 5-9.)

There is a critical flaw in this argument: it is based on assertions – *viz.*, that Leonard (1) is simply a paralegal in the County Attorney's Office who (2) was uninvolved in the actual seizure of Wiley's money – supported by an extra-pleading source, namely, the letter described above. It is well established, however, that when ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court generally may not rely on documents outside the pleadings, unless it converts the motion into one for summary judgment (which the undersigned is reluctant to do at this early stage of the proceedings and given Wiley's *pro se* status). See Fed. R. Civ. P. 12(d); Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 701 (8th Cir. 2003).[1]

---

[1] Leonard contends that the letter may be considered here because it is either a "matter[] of public record," "do[es] not contradict the complaint," or is "necessarily embraced by the

- 2 -

This is not to say that Wiley's Complaint passes muster, however. The crux of the instant Motion is Leonard's involvement (or, more accurately, the lack thereof) in the challenged conduct. While her contention that she cannot be liable is supported by materials beyond the pleadings, Wiley cannot avoid dismissal simply by having omitted from his Complaint the precise nature of Leonard's role in the alleged misconduct. Indeed, it has long been settled in this Circuit (and elsewhere) that a civil-rights complaint must allege sufficient facts to set forth what a defendant did (or did not do) that allegedly violated the plaintiff's rights. See, e.g., Brown v. Ark. Dep't of Human Servs., No. 11-1116, 2011 WL 1564022, at *1 (8th Cir. Apr. 27, 2011) (*per curiam*) (unpublished) (dismissal upheld where complaint "did not suggest how any of the individual defendants were involved in or responsible for" constitutional violation); Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (noting that complaint must "allege sufficient personal involvement by [each] defendant[]"); Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (affirming dismissal of complaint that "failed to allege facts supporting any individual defendant's personal involvement or responsibility for the [alleged constitutional] violations"). And this is no less true when the complaint has been filed by a *pro se* plaintiff. See, e.g., Brown, 2011 WL 1564022, at *1; Ellis, 179 F.3d at 1079.

---

pleadings." (Def. Mem. at 5.) But the Court does not agree that the letter is a "public record" or is "necessarily embraced by the pleadings." And while the Eighth Circuit has noted that "*[s]ome* materials that . . . do not contradict the complaint may be considered by a court in deciding a Rule 12(b)(6) motion," State *ex rel.* Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999) (emphasis added); accord, e.g., Katun Corp. v. Clarke, 484 F.3d 972, 976 n.1 (8th Cir. 2007), it has not explained what types of materials fall into that category. Hence, it is unclear whether that principle applies to the letter here.

Without any explanation in the Complaint as to how Leonard is implicated in the alleged constitutional violations, Wiley has failed to plead "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 547 (2007).  Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Leonard's Motion to Dismiss (Doc. No. 3) is **GRANTED**, and Wiley's claims against Leonard are **DISMISSED WITHOUT PREJUDICE.**

Date:  June 8, 2011

<u>s/Richard H. Kyle</u>
RICHARD H. KYLE
United States District Judge