UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Billy Ray Wiley,

        Plaintiff,

                                      Civ. No. 11-637 (RHK/JSM)
                                      **ORDER**

v.

City of Minneapolis, Officer Todd
Babekuhl, Vicki Leonard, and Officer
Steven Mosey,

        Defendants.

      In this 42 U.S.C. § 1983 claim, *pro se* Plaintiff Billy Ray Wiley has sued the City of Minneapolis, Officers Todd Babekuhl and Steven Mosey, and Vicky Leonard, alleging various deprivations of his Fourth Amendment rights resulting from Defendants' search of 2029 N. Willow Ave. ("the residence") and their subsequent arrest of Wiley. This Court dismissed Wiley's claims against Leonard (Doc. No. 16), and the remaining Defendants now move for summary judgment. For the reasons below, the Court will grant Defendants' Motion.

      Since filing the Complaint, Wiley has done little to prosecute this case. Despite a court order to answer all discovery before March 13, 2012 (Doc. No. 26), Wiley has not served any Rule 26(a) disclosures, has twice failed to sit for a duly-noticed deposition (Fussy Aff., Exs. 9, 11), and has failed to respond to Defendants' Request for Admissions (id., Ex. 2.). Moreover, by letter dated April 26, 2012, defense counsel advised Wiley

that his failure to respond to Defendants' Motion could result in the dismissal of his claims. (See Doc. No. 39.) He did not appear at the hearing.

The combination of these failings dooms Wiley's claim. On April 12, 2012, Defendants filed a Motion for Summary Judgment (Doc. No. 32), and noticed the Motion for a hearing on May 24, 2012. They served the Motion and supporting documents on Wiley by mail. (See Doc. No. 33; Doc. No. 36.) Pursuant to Local Rule 7.1(b)(2), Wiley's response to the Motion was due on or before May 3, 2012, but no response was filed.

In light of the foregoing, the Court determines that Wiley's Complaint must be dismissed for failure to prosecute. See Fed. R. Civ. P. 41(b). Wiley's decision to proceed *pro se* does not relieve him of his obligations to engage in court-ordered discovery and to respond to the Motion. Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000); Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996). Moreover, the lack of responsiveness can only be laid at Wiley's feet, as he is representing himself, and was aware of the difficulties the Court experienced getting documents to him. (See Doc. Nos. 29, 30, & 31.) Insofar as Wiley was warned of the possible consequences of his actions, the Court determines that dismissal of his claims with prejudice is appropriate. See Sterling v. United States, 985 F.2d 411, 412 (8th Cir. 1993) (noting that dismissal with prejudice is appropriate "where the plaintiff has consistently and willfully failed to prosecute his claim.")

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Wiley's Complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE.**[1]

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Date:  May 24, 2012                                       s/Richard H. Kyle
                                                          RICHARD H. KYLE
                                                          United States District Judge

---

[1] Because the Court chooses to resolve the case in this manner, the remaining issues Defendants raise in their Motion for Summary Judgment need not be addressed.